VILLAGE OF LARCHMONT, JOHN W. HOOLEY and Others, Suing in Their Own Behalf and in Behalf of All Others Similarly Situated as Taxpayers within the Town of Mamaroneck, Westchester County, New York, Appellants, Respondents, v. TOWN OF MAMARONECK and Others, Respondents, Appellants.— In a taxpayer's action, in which it is sought to enjoin acts of defendants claimed to be illegal and wasteful, it is alleged that the defendants were about to undertake certain public works projects under the provisions of the so-called "Mandelbaum Act" and Federal acts to furnish work relief to the unemployed persons in the town by making improvements of various kinds in two incorporated villages, as well as in the territory outside such villages; that the equipment, materials and supplies for such work are to be made a charge upon the taxable property of the entire town through the issuance of temporary certificates of indebtedness in anticipation of bonds to be later issued; and that the taxpayers residing in the plaintiff village will be required, without action or assent on their part, to contribute to the payment of such indebtedness, although no benefit is derived by the village or its inhabitants from many of these projects, or from local improvements elsewhere than in their own village. It is argued that such projects, with the expense and the distribution thereof, are invalid under constitutional inhibitions and the positive provisions of statutes such as the Town Law, Village Law and Highway Law, and in particular are violative of those statutes which authorize village officers to make local improvements at the expense of the village, and limit the liability of taxpayers in the village to certain expenditures made by the town. The defendants allege that these projects were undertaken to furnish as much work as possible to 748 employables in the town who are in a condition of practical destitution and would require home relief, if not employed. They invoke certain Federal statutes, including the National Industrial Recovery Act, the Emergency Relief Appropriation Act of 1935 and the Executive Order of the President, dated May 20, 1935, as well as provisions of the so-called "Mandelbaum Act" (Laws of 1933, chap. 782; Laws of 1934, chaps. 39, 104, 301, 888; and Laws of 1935, chap. 585), which statutes were enacted in order that different municipalities in this State might take advantage of the aid given by the Federal government in relieving unemployed persons during the emergency. These acts were by their terms to be in the interest of public health, safety and welfare during the recognized emergency, and were in effect to supersede in their operation the provisions of any general, special or local law in respect to the manner of undertaking public works. As no other municipality in the town had undertaken independent projects, the town itself, which is the welfare unit, through its town board, submitted proposed projects, which were approved by the Federal authorities. Resolutions were adopted concerning the type of work to be undertaken in different parts of the town for the principal purpose of getting 500 unemployed persons engaged in remunerative labor, and providing for the ultimate payment of the expense that would be cast upon the town. In carrying out such projects the town itself was required to pay only for the equipment, materials and supplies, while the Federal government undertook to pay the charges for labor. On plaintiffs' motion for judgment on the pleadings it was held at Special Term that certain projects that involved work on improvements in the two incorporated

villages in the town were illegal and void; but the other projects were valid. A judgment to that effect was entered. The plaintiffs appealed from that part of the judgment that held certain challenged projects valid; and the defendants appealed from that part of the judgment which held that part of the projects were void. We are dealing here with emergency measures which represent the exercise of police power and have for their purpose the relief of persons in distress by reason of the financial and economic depression. Their primary purpose is to furnish work to the unemployed. The question of making public improvements is secondary; and is but a means of carrying out the primary purpose. There are numerous statutes, both in Congress and the Legislature of this State, which have similar purposes of relieving those who have been stricken during the depression; and though they are contrary to existing statutes and legal principles operative in normal times, they have been held valid. (*Matter of People* [*Tit. & Mtge. Guar. Co.*], 264 N. Y. 69; *Klinke* v. *Samuels*, Id. 144; see, also, *Home Bldg. & L. Assn.* v. *Blaisdell*, 290 U. S. 398.) A statute similar to the statute considered here was enacted early in the depression period,— the so-called "Wicks Act" (Laws of 1931, chap. 798, since amd.). Although millions were expended in work and relief, this statute has never been attacked. The projects undertaken by the defendants for the purpose of furnishing employment to needy persons were, under the necessities shown, valid and authorized by statute. Other statutes relating to public improvements have, for the time being, been made inoperative. The judgment is modified by striking therefrom the provisions declaring that the resolution of the town board is illegal and void in respect to the projects enumerated therein; and in so far as it enjoins the town from issuing certificates of indebtedness or bonds with which to pay for the materials, equipment or supplies in respect thereto; and as so modified the judgment is unanimously affirmed, with costs to the defendants, appellants. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.